WILLIAM M. LITTLE, APPELLANT, v. THE VIRGINIA AND GOLD HILL WATER COMPANY, RESPONDENT.

CONSTRUCTION OF PLEADING — ALLEGATION OF PLACE OF CORPORATION. An allegation that defendant "is a corporation duly organized and doing business as such in the State of Nevada" is equivalent to an averment that such defendant is a corporation duly organized in the State of Nevada.

PARTY TO ACTION CANNOT BE CHANGED BY AMENDMENT. An amendment which changes the parties to a suit cannot be made.

SUING THE WRONG CORPORATION— AMENDMENT NOT ALLOWED. Where a suit was intended to be commenced against, and the summons was served upon, a California corporation ; but the complaint alleged a Nevada corporation; and there happened to be a Nevada corporation of the same name which appeared and answered : *Held,* that plaintiff had no right to amend by adding the words " of the state of California" to the name of defendant, as the effect would be to change the party defendant.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action to recover one thousand dollars damages for alleged interference with plaintiff's right to use the water of a small stream flowing out of "Rose Cañon" in Ormsby County. The complaint described the defendant as "The Virginia and Gold Hill Water Company, a corporation," and then proceeded to allege that it was "a corporation duly organized and doing business as such in the State of Nevada." The object of the pleader was to sue a California corporation of that name ; and his intention doubtless was, not to allege where the corporation was organized, but merely to aver that it was a duly organized corporation and that it was doing business as a corporation in the State of Nevada. His language, however, as appears by the opinion, does not express his object or intention.

Although the California corporation was served, it did not appear; but the Nevada corporation of the same name appeared and put in an answer, describing itself as the defendant and traversing all the allegations of the complaint. The cause came up for trial before a jury. After the plaintiff's testimony was all in, he moved to amend the complaint by adding the words "of the state of California" to the name of defendant; but the amendment was refused; and on

motion of defendant a non-suit was granted. Plaintiff moved for a new trial, which was denied; and he then appealed from the judgment.

*Robert M. Clarke*, for Appellant.

*Mesick, Seely & Wood*, for Respondent.

By the Court, HAWLEY, J.:

The complaint in this action alleges: "That the defendant is a corporation, duly organized, and doing business as such, in the State of Nevada." The sheriff of Storey County certifies that he served the summons "by delivering to the defendant, The Virginia and Gold Hill Water Company, a corporation, through its superintendent C. Overton, in the County of Storey, * * a copy of said summons attached to a certified copy of the complaint." A copy of summons, together with a certified copy of the complaint, was also deposited in the post office at Carson City, Nevada, postage paid, directed to Alvinza Hayward, president, and the trustees of the Virginia and Gold Hill Water Company, at their place of business in San Francisco, California. Defendant appeared and filed an answer verified by John Skae, who represented himself as the superintendent of defendant. During the progress of the trial of this cause it appeared from the testimony that there were two corporations of the name of "The Virginia and Gold Hill Water Company," doing business in the State of Nevada; one of said corporations, of which Alvinza Hayward was president and C. Overton superintendent, being organized under the laws of the state of California; the other, of which John Skae was superintendent, being organized under the laws of the State of Nevada. Upon this state of facts plaintiff asked leave of the court to amend his complaint by adding after the word

"corporation," the words "of the state of California."
This was refused, and upon motion of defendant's counsel
the court granted a nonsuit. Plaintiff appeals and claims
that this action of the court was erroneous.

The allegation that the defendant is a corporation, duly
organized and doing business as such in the State of Nevada,
is equivalent to an averment that defendant is a corporation,
duly organized in the State of Nevada. This proposition is
sustained by every canon of construction, legal and gram-
matical, and is, we think, too plain to leave any room for
legitimate argument or controversy. Defendant would not
be a corporation unless it had been duly organized as such.
The averment that it was a corporation was sufficient. The
place of its organization was immaterial. But plaintiff having
designated the place, the question arises whether or not he
is concluded by such an averment from so amending his
complaint as to make the California corporation defendant.
It is admitted that an amendment which changes the parties
to a suit cannot be made.

Plaintiff's counsel contends that inasmuch as the summons
was served upon the California corporation, plaintiff had
the right, under the provisions of section 68 of the Practice
Act, to so amend his complaint as to insert the true name
of defendant. This would be true in a case of misnomer;
but this is not such a case. Here there are two corporations
of the same name—one organized in California, the other in
the State of Nevada. The plaintiff has a cause of action
against the California corporation, but none against the
Nevada corporation. In his complaint he designates as de-
fendant the Nevada corporation; and after this defendant
had appeared and filed its answer, denying specifically each
and every allegation in plaintiff's complaint, the trial pro-
ceeds, and during its progress plaintiff ascertains that he
has brought the wrong corporation into court, and without
any further showing, by affidavit or otherwise, moves to so

amend his complaint as to designate as defendant the California corporation, against which he ought to have brought his suit in the first instance. Does not this fact show conclusively that the effect of allowing the amendment would be to change the party defendant in the suit? The service of the summons upon the corporation that ought to have been made defendant does not change the legal aspect of the question before the Court. The corporation served saw fit not to appear, because it was not named as a party defendant. The defendant need not have appeared because it was not served with process; but after the complaint was filed it had the right to appear in the action without the service of the summons, and having so appeared, and the court having thereby acquired jurisdiction, we are called upon, under the peculiar facts of this case, to decide the legal *status* of the parties thus in court. We cannot investigate the motives that prompted defendant's action, nor consider the hardship, if any, resulting to plaintiff therefrom. As the amendment would have substituted a new party defendant in the action, the court did not err in refusing it. The nonsuit was properly granted, because upon plaintiff's own showing he had no cause of action against the defendant.

The judgment of the district court is affirmed.