# CHARLESTON.

Baltimore Bargain House *v.* St. Clair, Trustee, *et al.*

Submitted September 15, 1905.     Decided January 16, 1906.

1. Receiver—*Possession—Appeal.*
   A decree or order in a chancery case appointing a receiver, and thereby changing the possession, of personal property, is appealable. (p. 567.)

2. Receiver.
   The appointment of a receiver is not a matter of right. The power to appoint is a discretionary one, to be exercised with great circumspection. The discretion is not arbitrary, or absolute, but sound and judicial. (p. 569.)

3. Receiver—*Notice.*
   There is no principle of the law of receivership of greater wisdom, and more firmly established, than that requiring notice of the application. (p. 568.)

4. Receiver—*Notice—Process.*
   A receiver of personal property may be appointed in vacation, without notice of the application, before service of process in the suit, in cases in which to require notice would be unreasonable, or would likely defeat the purpose for which a receiver is necessary, and in cases of great emergency, these cases constituting exceptions to the general rule requiring notice. (p. 568.)

5. Receiver—*Allegations of Bill.*
   Where notice is not given, the bill should, in addition to showing the necessity for the appointment of a receiver, set out the grounds which excuse failure to give notice; or they must at least appear by the affidavits filed in support of the application. (p. 569.)

6. Trustees—*Removal of.*
   Equity, by virtue of its general jurisdiction over the administration of trusts, has power to remove trustees, for cause. (p. 569.)

7. A Bill for Removal of Trustees—*Allegations of.*
   A bill brought to remove a trustee to whom personal property has been assigned for the benefit of creditors, and to appoint a receiver for the trust property, to be sufficient must contain full and precise allegations showing the necessity for the removal, and that there is danger of loss or misappropriation of the trust property. (p. 569.)

8. Receiver—*Jurisdiction to Appoint.*
   A receiver may only be appointed in a pending case. A suit does not lie for the sole purpose of appointing a receiver; but the court

must have jurisdiction of the suit on some other ground, before it can make the appointment.  (p. 571.)

9.  Receiver—*Vacation Order.*
The appointment of a receiver can not be made in vacation, any more than in term, except in a pending case.  (p. 571.)

10.  Injunction—*Verification.*
A bill of injunction may be sworn to by the agent or attorney of the plaintiff; but, if so, it must appear from the verification that the person verifying the bill knows the contents thereof; otherwise the verification is fatally defective.  (p. 572.)

Appeal from Circuit Court, Taylor County.

Action by the Baltimore Bargain House against John G. St. Clair, trustee, and others.  Decree for plaintiff, and defendants appeal.

*Reversed and Remanded.*

W. R. D. Dent and J. G. St. Clair, for appellants.
Ira E. Robinson and Hugh Warder, for appellees.

Cox, Judge:

Mary L. Bell and Fanny E. Bell, partners in the mercantile business in the city of Grafton, under the firm name of "Bell's Racket Store," by deed dated and recorded on the 25th of July, 1904, made an assignment of all their stock of store goods to John G. St. Clair, trustee, for the benefit of their creditors.  Two days previous to this assignment, Fanny E. Bell, by deed of record, assigned her one half interest in this stock of store goods to Hugh Warder, trustee, to secure and save harmless certain individual endorsers.  On the 29th day of July, 1904, process was issued in this suit in chancery, brought in the circuit court of Taylor county by the Baltimore Bargain House, a corporation, against St. Clair, trustee, Mary L. Bell, Fanny E. Bell, Hugh Warder, trustee, and the creditors and endorsers secured by the two deeds of assignment.  The suit is for the purpose of removing St. Clair, trustee, and appointing receivers to sell and dispose of the stock of store goods and collect the accounts, and for the ascertainment and payment of the partnership debts.  Before process was served, and without notice, in vacation, on the 29th of July, 1904, the Judge of the circuit court of Taylor county, upon presentation of the bill and exhibits, entered an order appointing John G. St. Clair and Hugh Warder

special receivers of said stock of store goods, and directing them to take possession thereof and sell the same, after executing bond, and enjoining St. Clair, trustee, from selling or disposing of the trust property and from collecting the accounts. On the 23rd of August, 1904, St. Clair, trustee, and Mary L. Bell, before the judge in vacation, after notice, moved the dissolution of the injunction, which motion was overruled; and St. Clair, trustee, and Mary L. Bell appeal.

Our first duty is to determine the extent of the appeal granted. The petition for the appeal expressly prays for an appeal from the order refusing to dissolve the injunction. It also refers, by date, to the order appointing receivers and enjoining the trustee, and assigns errors therein. We think the petition, fairly construed, asks an appeal from both orders, and that the appeal granted was intended as an appeal from both.

So treating the appeal, are both orders appealable? The 7th paragraph of section 1, chapter 135, Code, expressly gives an appeal from an order or decree in chancery refusing to dissolve an injunction, and from an order or decree requiring the possession or title of the property to be changed. The language used in the opinion in *Wagner* v. *Coen*, 41 W. Va. 351, may be said to indicate that the provision in relation to change of possession applies only to real estate, and not to personal property. A doubt as to whether or not that provision applies to personal property is expressed in the cases of *Harris* v. *Hauser*, 26 W. Va. 595, and *Hutton* v. *Rockbridge*, 27 W. Va. 435. However, the cases of *Robrecht* v. *Robrecht*, 46 W. Va. 738, and *Ruffner Bros.* v. *Mairs*, 33 W. Va. 655, hold that a decretal order appointing a receiver for personal property, and thereby changing the possession thereof, is appealable. See, also, *Shannon* v. *Hanks*, 88 Va. 338; *Barry* v. *Briggs*, 22 Mich. 205; *Lewis* v. *Campau*, 14 Mich. 458. It seems clear that the provision permitting an appeal from an order or decree in chancery, where the possession of the property is changed, applies to personal property, as well as to real estate.

Both orders being appealable, the question to be decided is: Were the appointment of receivers, and the awarding of an injunction against the trustee, proper?

The receivers were appointed without notice, before ser-

vice of process in this suit, by the judge in vacation. The statute, section 28, chapter 133, Code, permits the appointment of a special receiver in any proper pending case, where there is danger of loss or misappropriation of the property involved, and expressly requires notice of the application for a receiver of real estate, or the rents, issues and profits thereof. Therefore, what we shall hereafter say in this opinion will relate to the appointment of receivers of personal property. The statute is silent as to notice of the application for a receiver of personal property. In *Ruffner Bros.* v. *Mairs*, *supra*, it is said that, in the light of the authorities, the better practice is to require notice to be given to the defendant, before passing upon the application for a receiver, unless it be in cases of the greatest emergency and imperative necessity. In the case of *Oil Co.* v. *Gale*, 6 W. Va. 527, JUDGE HAYMOND, in delivering the opinion of the Court, said: "It is true as a general rule, though not universal, that notice is, or should be, required of the time and place of making the application for the appointment of a special receiver. The authorities cited in support of this general rule show that there are recognized exceptions. These exceptions are such cases as that immediate action is or may be necessary to prevent great injury." Universally, so far as we have been able to examine, the authorities recognize that there are certain well established exceptions to the general rule requiring notice of the application. *Fredenheim* v. *Rohr*, 87 Va. 764; Page on Receivers, 148–150; *Moritz* v. *Miller*, 87 Ala. 33; Hogg's Eq. Prin., sec. 141; Smith on Receiverships, sec. 5; High on Receivers, sec. 117; note to *Cameron* v. *Imp. Co.*, 72 Am. St. Rep. 36, and cases cited; 17 Enc. Pl. & Pr. 717; Anderson on Receivers, secs. 121, 122 and 123. Classifications of exceptions to the general rule are given in 17 Enc. Pl. & Pr. 719, and in Hogg's Eq. Prin. sec. 141, and in Smith on Receiverships, sec. 5. It is clear from the authorities that in cases, where to require notice would be unreasonable, or would likely defeat the very object for which a receiver is necessary, or where a great emergency exists, a receiver may be appointed without notice. It may be argued that our case of *Batson* v. *Findley*, 52 W. Va. 342, requires notice in all cases of *ex parte* or vacation applications. We do not so interpret that decision. The first point of the syllabus would

seem to go that far; but when read in the light of the opinion, it does not do so. In the opinion, on page 354, it is said: "In every instance before process served, and the application is thus *ex parte*, such notice must be given except in cases of emergency where it is impracticable, else the appointment will be reversible." This explains point 1 of the syllabus, and reconciles the case on this point with our other decisions and the universal law of the land.

Where notice is not given, the bill should, in addition to showing the necessity for the appointment, set out the grounds which excuse failure to give notice; or they must at least appear by the affidavits filed in support of the application. 17 Enc. Pl. & Pr. 735; *Florence Bank* v. *U. S Savings, etc. Co.*, 104 Ala. 297; *Wabash R. Co.* v. *Dykeman*, 133 Ind. 56; *French* v. *Gilford*, 30 Ia. 148; *Anderson* v. *Cecil*, 86 Md. 490; *Verplanck* v. *Mer. Ins. Co.*, 2 Paige (N. Y.) 438; *Virginia etc. Steel Co.* v. *Wilder*, 88 Va. 942.

While a receiver for personal property may thus, in cases constituting exceptions to the general rule, be appointed in vacation without notice; yet the appointment of a receiver is not a matter of right. The power to appoint is a discretionary one, to be exercised with great circumspection. The discretion is not arbitrary, or absolute, but sound and judicial. Anderson on Receivers, sec. 49; see, also, note 5.

A court of equity, by virtue of its general jurisdiction over the administration of trusts, has the power to remove trustees, for cause. *Rankin* v. *Bradford*, 1 Leigh 163; *Shelton* v. *Jones*, 26 Grat. 891; *Lewis* v. *Glenn*, 84 Va. 947; *Wagner* v. *Coen*, 41 W. Va. 351; *Machir* v. *Sehon, Sheriff, et al.*, 14 W. Va. 781.

A bill brought to remove a trustee to whom personal property has been assigned for the benefit of creditors, and to appoint a receiver for the trust property, to be sufficient must contain full and precise allegations showing the necessity for the removal, and that there is danger of loss or misappropriation of the trust property. 28 Am. & Eng. Enc. Law 838; note to 2 Hen. & Munf. 12; *Wilson* v. *Maddox*, 47 W. Va. 641; see, also, *Coal Co.* v. *Coal Co.*, 43 W. Va. 721; *Dunlap* v. *Hedges*, 35 W. Va. 287; *Penn.* v. *Whiteheads*, 12 Grat. 74; Page on Receivers, sec. 137; Anderson on Receivers,

sec. 663; Enc. Pl. &. Pr. 723–724, and cases cited in note 1, page 724; Hogg's Eq. Proceed., sec. 745.

The allegations of the plaintiff's bill claimed to justify the taking of the property out of the hands of the trustee, and the placing of it in the hands of the receivers, are, in substance, as follows: That the defendants, Mary L. and Fanny E. Bell, partners, etc., are insolvent, and are indebted to plaintiff; that the assignment of the 25th of July, 1904, is void as creating a preference; that plaintiff is not named therein; that the assignment requires the trustee to sell the trust property, after four weeks' notice, and to pay the proceeds, first, to the expenses of sale, commissions, etc., and the remainder to Mary L. and Fanny E. Bell; that the trustee has not given bond, and refuses to do so; that the publication of notice of sale requires delay, during which rent, etc., will have to be paid, causing a waste of the property; that it is the intention of the trustee to carry out the provisions of the assignment, and, after paying the cost and expenses of sale, to pay the remainder to Mary L. Bell and Fanny E. Bell, ignoring the claims of creditors.

The allegations are very general. The goods are not alleged to be perishable. The delay by notice, and waste by payment of rent, as alleged, do not show unreasonable delay or waste. The amount of the rent is not stated. While it is alleged that the Bells are insolvent, yet they have assigned their property to a trustee for the benefit of their creditors. There is no allegation that the trustee is insolvent, or that he has lost, misapplied or misappropriated any of the trust property. It is alleged that he has not given bond, and refuses to do so, but not that he has failed to give bond after notice under section 6, chapter 72, Code, which then provided how a trustee may be required to give bond. The claim that the assignment is void as creating a preference is wholly without foundation, when the assignment is considered. It is for the benefit of all the creditors of the partnership, without preference or priority, naming some, and adding a general clause including all others. Plaintiff claims that it was not named in the assignment. Its debt was therein named to "Baltimore Bargain," instead of "Baltimore Bargain House." This is immaterial, because, if not named, it was nevertheless secured thereby. The claim that it is the intention of the

trustee, after paying costs and expenses of sale, to carry out the provisions of the assignment, and pay the balance to the debtors, ignoring the creditors, is not sufficient as alleged. The bill makes this allegation upon information and belief, but does not allege that the trustee has ever expressed such intention. Again, the bill alleges that it is the intention of the trustee to carry out the provisions of the assignment. This is inconsistent with the allegation that the trustee intends to pay over the remainder of the proceeds to the debtors, after paying the costs and expenses of sale, ignoring the creditors. The legal effect of the assignment is to give a lien to all the creditors of this insolvent firm. The trustee is bound, in the performance of his duties, by the legal effect of the instrument under which he acts. He cannot ignore the rights of creditors, and pay to the debtors. From the allegations of the bill we find no absconding or non-resident debtor; no insolvent trustee; no emergency case; no excuse for failure to give notice; in truth, no facts justifying the appointment of a receiver, either with or without notice, or justifying the injunction against the trustee.

It is argued that the court had no jurisdiction to appoint a receiver in this cause, because the bill was not maintainable upon other grounds. A receiver may only be appointed in a pending case. A suit does not lie for the sole purpose of appointing a receiver; but the court must have jurisdiction of the suit on some other ground, before it can make the appointment. Section 28, chapter 133, Code; *Rainey* v. *Freeport Smokeless C. & C. Co.*, decided at this term; Hogg's Eq. Proceed. sec. 731; 17 Am. & Eng. Enc. Law 684; *Howell* v. *Potts*, 80 Ala. 70; *State* v. *Union Nat. Bank*, 145 Ind. 537; *Jones* v. *Schall*, 45 Mich. 380; *Mahon* v. *Ongley Elec. Co.*, 156 N. Y. 196; *Robinson* v. *W. Va. Loan Co.*, 90 Fed. Rep. 770. An appointment cannot be made in vacation, any more than in term, except in a pending case. *Howell* v. *Potts, supra; State* v. *Union Nat. Bk., supra; Pressley* v. *Harrison*, 102 Ind. 14; *Pressley* v. *Land*, 105 Ind. 171; *Guy* v. *Doak*, 47 Kan. 236. The bill does not ask or pray that the trust property be administered through the trustee. Its general object is to administer the trust property by means of receivers. It is not our province upon this appeal to pass finally upon the sufficiency of the bill, farther than to repeat

that its allegations are insufficient for the appointment of receivers, and an injunction against the trustee. ·

It might be stated, as an additional reason for dissolving the injunction, that the bill was not properly verified, and that the exhibits, and the bill without verification, do not show a proper case for injunction. The bill was sworn to by the attorney for the plaintiff. The verification used did not follow the form provided for an agent or attorney by section 42, chapter 125, Code, and was not to the same effect. While the attorney for the plaintiff verified in a positive manner, yet it does not appear from the verification that the attorney knew the contents of the bill. This is essential and must appear from the verification, otherwise it is fatally defective.

The order appointing receivers, entered on the 29th of July, 1904, and the order overruling the motion to dissolve the injunction, entered on the 23rd of August, 1904, are reversed, and the motion to dissolve the injunction is sustained; and this cause is remanded for any further proceedings which may be proper herein.

*Reversed and Remanded.*