BREAUX, O. J.
The Evangeline Oil Company, incorporated in New Jersey, is in business in this state, with its domicile at Jennings.
The company was organized on a large scale, issuing stock to the number of 1,500,-.000 shares, par value $100 a share.
Peter Van Vleet, applicant for the appointment of a receiver, is the owner of 36 shares of this stock.
He complains of the management of the company; also of a sale of the refinery plant, located at Ft. Neches in Texas, which he' avers cost the Evangeline Company about $500,000.
He charges that the Texas Oil Company, a company organized and domiciled in Texas, and the Guffy Oil Company, and the Southwestern Company, a New Jersey corporation, are in a combine, having for its purpose the wrecking of the Evangeline Oil Company and the acquisition of its property at a ruinous price.
He complains of an unfair deal made among the parties to the combine and others, whereby a director of one of the companies above named managed to obtain a controlling interest in the Evangeline Company. After having accomplished this, that the Southwestern Company, operating as a holding company, placed men of straw on the board of directors of the Evangeline Company. The parties to the combine, having full control of these straw men, entered into a contract with them as representatives. of the Evangeline Company and piped oil through the pipe lines of the Evangeline Company for a consideration inadequate, much less than its value; and that the same parties bought the oil of this company at their own price. Furthermore, that no account has ever been rendered of quite a number of barrels of oil.
In the pleadings, it is stated over 1,000,000 barrels.
In oral argument, the number of barrels was represented as less.
Van Vleet charges that the Evangeline Company declared dividends to an amount over $400,000, and that these dividends were taken, not from the profits of the company, but from the capital.
That, in declaring dividends, the combine was immensely benefited. That, after the dividends had been declared, they directed the closing of the pipe lines as they had in view the purchase of the Evangeline Company at their own price.
They also sought to create the impression that the pipe lines were not in good repair, and said that the company was without the means to make necessary repairs.
He also complains of contracts entered into which were greatly detrimental to the Evangeline Company.
Peter P. Van Vleet obtained an injunction to restrain the Evangeline Company, its officers and agents, from parting with the property.
There are other charges.
Those stated above are sufficient for the decision of the issues. They are the grounds urged for the appointment of a receiver.
The Evangeline Company, opponent to the appointment of a receiver, filed an exception of no cause of action, of vagueness and indefiniteness of the petition.
After this exception had been disposed of in the court of first instance, the Evangeline Company filed its answer setting forth in detail the different grounds and complaining, substantially and mildly stated, of the unfairness on the part of the irritated stock *924 holder (plaintiff) against the company in which he owns comparatively few shares.
The district court, in carefully written reasons expresses regret that he nor counsel “before issue joined” thought of the point upon which “the case is decided, for then it would have been disposed of by the Supreme Court on the trial of the merits.”
Eor reasons stated, that court dismissed the suit on the ground that there was a nonjoinder of parties; furthermore, that the receivership is an ancillary and conservatory remedy not maintainable without a principal demand, and there is no principal demand in the case. That is true.
Taking up for decision the first point — that is, the point of nonjoinder — we will state in answer the Evangeline Company is the only necessary party.
The complaint is that the defendant company, trustee, was unfaithful to its trust; also ’its officers and agents.
We are of opinion that if they failed in their duty and illegally caused loss to the stockholders by acts ultra vires of the charter they may be compelled to account for their illegal acts at the instance of a stockholder. If there be reasons, he might obtain the appointment of a receiver. A stockholder has the authority of appearing before the courts to ask for the appointment of a receiver to prevent the spoliation of his company.
It is only to the extent it appears that there is extreme illegal mismanagement that the courts will interpose their authority.
The court will consider the right claimed.
In answer to the asserted necessity of making,other parties parties to the suit, we can only say: When the situation justifies, citation to the company will suffice and it alone be made to stand in judgment. The court said:
“No other party needs to be cited or notified of the application for a receiver than the corporation.” Oil City Iron Works v. Pelican Oil Co., 115 La. 265, 38 South. 987.
It might be the occasion of delay; it might defeat the ends of justice if all parties who had become owners of property of the corporation had to be cited.
The situation does not create the impression that others are to be cited as well as the defendant corporation, although others may to an extent be wrongdoers in matter of the management of the corporation.
It is clearly stated in the statute the district court is empowered to appoint a receiver when the officers and directors are grossly mismanaging the affairs of the company. Act No. 159 of 1898.
Defendant’s exceptions restrict the issues.
The petition to which the exception was filed must be, to the extent that it alleges facts pertinent to the issue, taken as alleged ; in other words, all that is well pleaded is admitted.
The result at which we have arrived may be entirely different on the trial of the merits, for it is much easier to allege than to prove facts alleged. The ink flows easily from the pleader’s pen when he prepares his petition setting forth the right claimed.
B§ that as it may, the stockholder can prevent the unlawful appropriation of the property of the corporation.
This is not contested by learned counsel for the defendant, who argues that the remedy in that case is by injunction.
In answer, we will state that that may be, but it is not the only remedy.
If there is a general abuse of power, which is prejudicial to the interests of the company and to. the stockholder, under the act cited supra, he may ask for the appointment of a receiver without alleging a principal demand in order to put an end to the wrong and provide an administration under the orders of court for a time, in order to better conditions, and to put an end to general violation of law.
Although the charter cannot be forfeitéd, (it being a foreign corporation), the corpo *926 ration may be restrained from committing illegal acts.
■Those who choose to do business in this state must conform to the laws of the state, and, if there is an absolute want of obedience to the requirements of law, a company may be compelled through a receiver to do justice to all the stockholders.
We are not unmindful of the limited interest of the complaining stockholder, and, in that respect, it occurs to us that he cannot expect to exercise a controlling authority in matters of the company to an extent prejudicial to the interest of other stockholders.
He is not the only stockholder, and, even as a stockholder, his interest is small. But, none the less, we must say that he has certain rights which the courts would not be justified in overlooking. He must be heard, and, if there is occasion for the appointment of a receiver, a receiver must be appointed.
But if the complainant has greatly exaggerated his grievance, has imagined that he is threatened with loss on account of the acts of the board of directors, it will be time to pass upon that question later.
Even later, however, when the case will be tried on the merits, he cannot be permitted to play the part of the proverbially strong animal in a china shop, and cause loss and ruin unnecessarily.
We may say, if the prejudice to his right is as great as he alleges, he presents a Very strong case for the court’s interposition of its authority.
We will not now anticipate further. The case must be remanded and the issues tried on the merits.
The exclusively ancillary character of the suit is the next issue for our determination.
In our opinion, a stockholder may sue the corporation in which he owns stock without alleging a principal demand. Statutory requirement to a suit by a stockholder does not include a “principal demand.” In other words, an ancillary demand will suffice without a “principal demand.”
Generally, it is not certain that one who claims to be a creditor is a creditor before he has recovered judgment. He may not have the least right against the corporation. He may be a mere intruder if he has no principal demand. Saxon v. Southwestern Brick & Tiling Man. Co., 113 La. 637, 37 South. 540.
It is different, however, when a stockholder is about to lose his own through the illegal and fraudulent mismanagement of a board.
A stockholder is interested to the extent of his shares. A certificate of stock entitles him to a hearing.
A creditor’s claim to a hearing may be denied before judgment.
But a corporation cannot deny the validity of its own certificate issued to its stockholders.
A stockholder may also be a creditor. His right in this suit extends to the protection of his stock, and we have naught to decide in regard to the claim of a creditor.
As to the stockholder, he can stand alone in judgment, for the law reads, a receiver shall be appointed at the instance of any stockholder when the majority of the stockholders are violating the charter rights of the minority and putting their interests in imminent danger. Section 2 of act cited supra.
In argument at bar it was said that there were certain issues that might be eliminated, and thereby, on this application for the appointment of a receiver, the issues (they have assumed large proportions) might be restricted to those that are pertinent.
We would separate the issues and eliminóte those that have no bearing were it not that it would be quite difficult. Moreover, the evidence has been admitted without objection.
*928 Were we to restrict our learned Brother of the district court to certain issues, he might find himself embarrassed in rendering his decision.
The issues are plainly defined, and can now be disposed of without entailing extraordinary labor upou court or counsel.
In other jurisdictions, opinions are different under their own laws. Our laws are not the same as those to which decisions refer in the cited case. These opinions are at most persuasive. We do not think, having been rendered under other, laws, that we should review them.
We will remain content not to go further in our comments after having reviewed the following decisions upon the subject, to wit: Marcuse Case, 52 La. Ann. 1391, 27 South. 846. In that case, the exception of no cause of action was referred to the merits. After trial, a decision was rendered for defendant, and, on appeal, the judgment was affirmed.
The corporation in that case was not only solvent, but it was in a prosperous condition. None of its stockholders complained except plaintiff alone, who chose to charge the board of managers with mismanagement, waste of funds, extravagance, and fraud.
The court declined to interfere with the corporation after the showing which was made, and held that there was no ground for the appointment of a receiver. The court also held in that case that a single stockholder can institute suit. To quote from the opinion:
“The plaintiff does not ask for the dissolution of the corporation, the closing up of its affairs, or the removal of the board of control. They are to remain in office, but, under extraordinary conditions, the board is to be attended with trouble, disastrous results, even if such a dual administration were permissible.”
Prom that decision, it is evident that a stockholder, or any one else for that matter, will not be justified in bringing about such a state of affairs as that to which reference is made in the quotation.
In the case before us, the issues, if proven; will present very serious issues. They go to the very foundation of the organization. Figureheads, it is alleged, are at work; combines are made, and spoliation is practiced upon the property.
The application to examine into these charges cannot be arbitrarily denied. It must be passed upon and considered.
We will state, in conclusion, it is our opinion that a receiver may be appointed contradictorily with the corporation at the instance of a stockholder if there is sufficient cause.
For reasons stated, the judgment appealed from is avoided, annulled, and reversed.
It is ordered, adjudged, and decreed that the issues be reinstated, and the proceedings also placed in the condition in which they were before the judgment of the district court was rendered.
It is further ordered, adjudged, and decreed that the ease be remanded to be prosecuted in accordance with the view's above expressed; defendant and appellee to pay the costs of appeal. Costs of the district court to await final decision.