# CHARLESTON.

WILSON *et al.* v. HAWKER LUMBER CO.

Submitted February 18, 1914.  Decided April 7, 1914.

1. RECEIVERS—*Grounds for Receivership.*

    The appointment of a receiver, upon a bill showing no danger of any loss or misappropriation of property to which the plaintiff is entitled or upon which he has a lien or hold of some sort, is improper. (p. 66).

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—*Removal of Trustees—Grounds—Appointment of Receiver.*

    Relationship of the trustees in a deed of assignment for the benefit of creditors to the grantors therein, their failure to convene the creditors and their compromise of claims against the assets with funds not alleged to have been derived from the property in their hands do not warrant their removal by the appointment of a receiver. (p. 66).

3. PARTNERSHIP—*Actions—Grounds for Receivership.*

The assignors being a copartnership consisting of two members, failure of one member of the firm to join in the deed of assignment is not ground for a receivership. (p. 66).

4. SAME.

Allegation of the personal liability of the non-joining member and of his denial of his membership in the firm is not ground for a receivership. (p. 67).

Appeal from Circuit Court, Upshur County.

Bill in equity by G. W. Wilson and others against the Hawker Lumber Company and others. From an order appointing a receiver for defendant company, Dallie Hawker and others appeal.

*Reversed, and Receiver Discharged.*

*Harvey W. Harmer* and *Charles E. Hawker,* for appellants.

*J. M. N. Downes,* for appellees.

POFFENBARGER, JUDGE:

Creditors of the Hawker Lumber Company, a co-partnership, whose members are alleged to be Dallie Hawker and Thomas A. Hawker, filed their bill in equity and caused a receiver to be appointed to take charge of the firm's assets then in the hands of Homer Hawker and M. W. Ogden, trustees, to whom a general assignment had previously been made for the benefit of the creditors of the firm by Dallie Hawker, one of its members. From the order appointing the receiver, Dallie Hawker and the trustees have appealed.

All of its allegations taken as true, the bill shows no ground for a receivership. One of its allegations is that the trustees are compromising with creditors at the rate of 50 cents on the dollar, but not that they are using any of the assets in their hands in the purchase of claims. The bill disavows knowledge of the source from which the money is derived. In this connection, it intimates partiality and unfairness on the part of the trustees, but the fact averred does not show it. If the claims of other creditors are satisfied with money derived from sources other than the firm assets, the plaintiffs are benefited rather than injured. Relationship of the trustees to the members of the firm is charged, but that is no dis-

qualification. That the creditors had not been convened constituted no ground for a receivership. There is no allegation of neglect on the part of the trustees to take' charge of the property and care for it, nor of any facts indicating loss or destruction thereof. On this subject, the bill says no· more than that it is of such character that it should be administered by the court and by parties not bound nor related 'in any way to the debtor firm or the parties to the suit. Moreover, the plaintiffs allowed the trustees no time in which to make sale of the property, or execute the trust. The trust deed is dated January 20, 1911, and this suit was brought February 11, 1911.

One of the main purposes of the bill seems to be to hold Thomas A. Hawker liable as a member of the firm. His personal liability or non-liability signifies nothing in this connection. The creditors have ample remedies at law to enforce his personal liability to them, if any exists, and it has nothing whatever to do with the conservation of the firm assets as to which he is not asserting any title. They were all in the possession of the trustees at the time of the institution of the suit.

A receivership is improper except in cases of danger of loss or misappropriation of property to which the plaintiff has title or upon which he has a lien or hold of some kind. *Baltimore Bargain House* v. *St. Clair*, 58 W. Va. 570; *Wilson* v. *Maddox*, 47 W. Va. 641; *Coal Co.* v. *Coal Co.*, 43 W. Va. 721; *Dunlap* v. *Hedges*, 35 W. Va. 287. Nothing of the kind is disclosed by the bill in this cause.

For the reasons stated, the order appealed from will be reversed and the receiver discharged.

*Reversed, and Receiver Discharged.*