# CHARLESTON.

MEYERS BROS. v. HARMAN BROS.

.Submitted May 9, 1916.   Decided May 23, 1916.

1. APPEAL AND ERROR—*Dismissal—Grounds—Want of Actual Contro-versy.*

A case is brought to this court upon appeal, challenging the jurisdiction of the court below, and a motion is made by the ap-pellees to dismiss it on the ground that since the appeal was awarded the appellants have become bankrupts and that the ap-pellees' claim which is the subject matter of the suit has been paid, and alleging that there is no longer any substantial contro-versy between the parties; and that the case is now a moot one; this court will not dismiss the case on motion of the appellees for these causes without disposing of the question of the jurisdiction of the circuit court.   The appellants have the right to have this question adjudicated by this court.   (p. 463).

2. RECEIVERS—*Pleading—Bill.*

The allegations of the bill in this case do not present a case of equity jurisdiction.   (p. 463).

3. SAME—*Appointment—Jurisdiction of Equity.*

A special receiver may only be appointed in a pending suit. A suit in equity does not lie for the sole purpose of appointing a receiver, but the court must have jurisdiction of the suit upon some other ground, before it can make the appointment.   *Balti-more Bargain House* v. *St. Clair, Trustee*, 58 W. Va. 565, syl. 8. (p. 464).

Appeal from Circuit Court, Mason County.

Bill in equity by Meyers Bros. against Harman Bros. From a decree for plaintiffs, defendants appeal.

*Reversed.*

*John L. Whitten,* for appellants.

*Maynard F. Stiles,* for appellees.

MASON, JUDGE:

Meredith Harman and Harry F. Harman were partners as Harman Brothers.   They had a contract with the Govern-ment of the United States for constructing a post office build-ing at Point Pleasant, W. Va.   In the course of the construc-tion of said building, they made a contract with the plaintiffs, Alexander Meyers and Samuel H. Meyers, partners as Meyers

Brothers, to furnish certain materials and do certain work for them in and about the said building; and it is alleged in plaintiffs' bill that the plaintiffs furnished materials and performed labor for the defendants to the amount of upwards of $4,800, of which sum $1,525.99 is unpaid, and upwards of $1,000.00 was due when this suit was begun.

It is also alleged that the defendants are largely indebted to other persons for work done and materials furnished for said building, now due and unpaid; and that the defendants are non-residents of the state of West Virginia, and have no property in West Virginia out of which any of their claims can be satisfied, except some materials of various kinds on hand at said building, and an unpaid balance of $7,912.31 upon the contract price for the construction of the post office building.

Plaintiffs further aver: ''That the defendants have nearly completed said post office building and will very soon be ready to turn the same over to the United States Government and receive the final payment thereon and are preparing to withdraw from the State of West Virginia with such property as they may have or be able to secure; and there is great and imminent danger that they may secure and dispose of and make *away* with the said sum owing to them, the said defendants, by the United States as aforesaid, and put the same beyond the jurisdiction and reach of this court, and beyond the reach of your orators and said creditors of defendants, and that the said property of defendants, or a material part thereof, will be lost or misappropriated, and your orators' just claim be left unpaid and with nothing within the jurisdiction of this court or within this state to satisfy the same; and your orators charge, that, unless restrained and enjoined from doing so, the defendants will misapply, dispose of, put beyond the jurisdiction of this court and remove from this state, or otherwise put beyond your orators' reach, all the property aforesaid, leaving your orators' just claims and the just claims of other creditors unpaid and without the means of payment available. That the tangible property of defendants within this state and subject to attachment, a large part of which has already been attached by other creditors, is whol-

ly insufficient to pay your orators' claim, but your orators are advised that the authorities of the United States will recognize the rights and demands of your orators, made through a receiver of this court, and will pay to such receiver such sum of money as may be owing to said defendants aforesaid to be disbursed under the orders of this court in the payment of such just claim against defendants, growing out of the building of said post office, as may be presented and proved. That your orators have no plain, speedy and adequate remedy at law, because there is not property of defendant sufficient to satisfy your orators' said claim, within the reach of and subject to the jurisdiction of a law court in this state, and a court of law has not the power to grant relief appropriate to your orators' case, nor take cognizance in an action, of the claims of all said creditors of the defendants, as this court can do, and thereby reduce the cost and expense of the enforcement of said claims, and conserve said property and the interest of all the said creditors.''

The prayer of the bill is for an injunction to prevent defendants from disposing of their property, and from collecting the claims against the Government for balance on the price of the post office building, or assigning any part of it, or applying it to their own use, and for the appointment of a receiver to take charge of the property and to demand and receive the money due or owing to the defendants from the Government of the United States, on account of the construction of said post office building, and that there may be an accounting between them, and that plaintiffs be adjudged the sum of $1,525.99 and any other sums found due them.

The injunction was awarded and a receiver appointed, February 5, 1914, without notice to defendants. On the 2nd day of March, 1914, the defendants appeared, demurred to the bill, and moved to dissolve the injunction and discharge the receiver. The demurrer was overruled, and motion to dissolve the injunction and discharge the receiver refused. Thereupon the defendants filed their answer. The cause was heard upon the bill, answers, and exhibits, and the court refused to dissolve the injunction or discharge the receiver; and from that decree the defendants have appealed.

This appeal was awarded March 24, 1914. On the 25th day of April, 1916, a motion was made by the appellees to dismiss the appeal for the reason that since awarding of the appeal the appellants have been adjudged bankrupt, and for the further reason that appellees' claim has been satisfied in another proceeding, and that there remains in this case no substantial controversy between them, and that it is now purely a moot case.

This court will not dismiss the appeal as presenting a moot question, upon the mere allegation that one of the parties has been discharged in bankruptcy pending the appeal. The fact will have to be made to appear by proper pleadings in the circuit court. A discharge in bankruptcy does not *ipso facto* oust the state court of jurisdiction. *Bank* v. *Cootes et al.,* 74 W. Va. 112. But it is said that the claim for which the appellees sued in the circuit court has been paid, and there is no longer any substantial controversy between the parties. It must be borne in mind that the claim or demand of appellees was not the only thing in controversy, nor indeed the principal thing. Appellants challenged the jurisdiction of the circuit court. They say that this suit is without equity jurisdiction, and it was to test this question that the cause was brought to this court. To dismiss the appeal now would be to leave the parties in the circuit court just where they were when the appeal was awarded. The principal question —that of equity jurisdiction—would not be disposed of. If the circuit court has jurisdiction, it may, notwithstanding the debt was paid pending the suit, pass on the validity of the injunction and receivership, and in dismissing the case give costs to the plaintiffs. If the circuit court has no jurisdiction, then the suit in that court would be dismissed without costs. The appellants therefore have the right to have this court pass upon the question of the jurisdiction of the circuit court. Although the debt has been paid, there remains a controversy between the parties which the appellees cannot evade by motion to dismiss the appeal.

Proceeding to pass upon the question of equity jurisdiction, we find that the substance of all the charges against the defendants is that the defendants owed the plaintiffs some

money on an unsettled account; that the defendants arc non-residents of this state; that they have materials on hands not used in the building of the post office, which should be disposed of; that the Government owes the defendants about $7,912.31 balance on the contract price for said building; that the defendants would have it within their power to dispose of the property, collect the money from the Government, and take it out of the state without paying the plaintiffs' claim. Of course they could do this. Any person who owes money and has property may do the same thing, if dishonest. No charge of dishonesty is made against these defendants. It is not alleged that they have misapplied any of the property or money, and no facts are stated tending to show that they contemplate disposing of their property, or converting it into money with intent to defraud their creditors. The unused property at the post office building should of course be disposed of; it was of no longer use to the defendants; and the unpaid contract price for the construction of the building should be collected. Plaintiffs have no lien on defendants' property; they have only an open, unascertained account. The defendants being non-residents, the plaintiffs might have had an attachment, but they did not seek that remedy. It is not pretended that the Government would not pay defendants the balance due on the account as willingly as to a receiver, and no reason is given for fearing that if the defendants should collect the money, they would not pay to the creditors as soon as collected. So far as the case shows, nothing would be gained by having the money paid the receiver instead of the defendants. The plaintiffs asked for a receiver, but this does not of itself confer equity jurisdiction. A suit in equity does not lie for the sole purpose of appointing a receiver. The court must have jurisdiction on some other grounds before appointing a receiver. *Baltimore Bargain House* v. *St. Clair, Trustee,* 58 W. Va. 565. The court did not have jurisdiction of this suit upon the allegations of the bill. The allegations of the bill do not bring the case within any of the rules conferring equity jurisdiction. The bill should state facts and not mere conclusions. The demurrer to the bill should have been sustained, and as a consequence the injunc-

tion dissolved, the receiver discharged, and the bill dismissed.
The decree of the circuit court will be reversed.

*Reversed.*