12574

PORTER v. BROWN *ET AL.*

(146 S. E., 810)

*Mr. F. Wm. Cappelmann,* for appellants,

152

*Mr. Hunter A. Gibbes,* for respondent,

February 6, 1929.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE.

On March 29, 1927, Martin Horodas and Alfredo Gandolfi commenced an action against New York Civic Opera Company in the County Court of Richland County for the appointment of a receiver of certain assets of the defendant, New York Civic Opera Company, the same consisting of about $2,300 alleged to be in the possession of Brown & Propst in the County of Richland, in the State of South Carolina. In the complaint in said cause, it is alleged that the defendant, New York Civic Opera Company, is a corporation organized under the laws of the State of New York, whereas, as a matter of fact, it is a corporation organized under the laws of the State of Florida. This corporation had a contract with Brown & Propst for performances by it at Columbia Theater, and had left the State prior to the date of the summons in the receivership proceedings, and at said date there were no officers or agents of New York Civic Opera Company in the jurisdiction of the Court. The summons and complaint in the receivership proceedings were served on Brown & Propst. In the said action F. S. Porter was appointed receiver of the assets of New York Civic Opera Company by order of Hon. M. S. Whaley, presiding Judge, with the authority to take possession of such property of the defendant as he may be able to find, and with au-

thority to bring such action or actions as he may be advised for the purpose of recovering such moneys or properties as may be in the possession of Brown & Propst, or owing by them, if any there be. On April 1, 1927, Hon. M. S. Whaley, presiding Judge, issued an order which provided that the receiver have no authority to commence suit as receiver until after New York Civic Opera Company had been served with the summons and complaint asking a receiver and with the order appointing the receiver. The said papers were served on an officer of said Company in New York City and on the designated agent of said company in the State of Florida. The parties served were officials of the corporation, which is alleged to be indebted to Martin Horodas and Alfredo Gandolfi, and which is alleged to have a claim against Brown & Propst. F. S. Porter qualified as receiver by furnishing bond, and on May 7, 1927, commenced action against F. L. Brown and L. L. Propst, partners doing business under the name of Brown & Propst.

Attached to the summons and complaint was order to show cause why the defendants should not furnish a detailed and itemized statement of all moneys received at box office of Columbia Theater beginning March 23, 1927, and ending March 26, 1927, and statement of all disbursements.

Brown & Propst demurred to the rule to show cause on several grounds, one of which was as follows: "That the pleadings in above stated case show that plaintiff is alleged to be Receiver for a corporation of the State of New York with which defendants had no agreement or dealings at the times set out in the complaint, all dealings of defendants having been set with a corporation of the State of Florida."

The Court sustained the demurrer on other grounds, but in its order sustaining the demurrer decided against Brown & Propst on the ground of demurrer set out above.

After the said order, the attorney for defendant gave notice of his intention to appeal from the said order, and in

due time served his proposed transcript of record with exceptions upon the plaintiff's attorney.

EXCERPTS FROM COMPLAINT

The following is an excerpt from the complaint in the receivership proceedings: "That the defendant, New York Civic Opera Company, is now, and at the time hereinafter mentioned was, a corporation organized under the laws of the State of New York."

The following is an excerpt from complaint in the suit of the receiver against Brown & Propst: "That the plaintiff, F. S. Porter, is duly qualified Receiver of New York Civic Opera Company, a corporation, and as such Receiver is authorized under Order of Court to commence this action."

Brown & Propst were not made parties to the said proceedings. At the first hearing on the appointment of a receiver, Brown & Propst informed the Court and the attorney for Horodas and Gandolfi that New York Civic Opera Company is a corporation organized under the laws of the State of Florida.

The record in the receivership proceedings and the record in the case of Porter, receiver, against Brown & Propst, failed to show that any attachment was had of any assets of New York Civic Opera Company in either case, and in fact no attachment was brought. No officer or agent of New York Civic Opera Company was served in South Carolina.

The record in the receivership proceedings and in the case of Porter, receiver, against Brown & Propst, fails to show or allege that any demand for payment was made of New York Civic Opera Company by Martin Horodas or Alfredo Gandolfi. No suit of these parties asking a money judgment against New York Civic Opera Company was pending or is pending in South Carolina.

This appeal is divided into two branches.

On the first branch of the appeal, his Honor, Judge Whaley, on October 4, 1927, made the following order:

## ORDER

The following is the portion of the order of October 4, 1927, appealed from: "The defendant made further objection also by demurrer on the ground that in the original suit in which the Receiver was appointed, it is alleged that New York Civic Opera Company is a corporation organized under the laws of New York, whereas, as a matter of fact, the said Company obtained a charter under the laws of Florida. It appears that the designated agent of the corporation resident in the State of Florida, was duly served with copies of the summons and complaint and Order appointing the Receiver, and likewise such papers were served upon an officer of the corporation in New York. Furthermore, the corporation which made an employment contract with the plaintiffs, and the exact corporation which made a contract with Brown & Propst, was identified as the corporation actually served. There is no showing that there are two corporations of the same name, and the wrong one served. This objection on the part of the defendants is overruled."

14-A Corpus Juris, p. 83, reads as follows. "Ordinarily a corporation must be sued in its true name; and where the name is mistaken materially and substantially or there is such variation that different entity is indicated, the suit cannot be regarded as against the corporation and cannot be affected by the proceedings and judgment thereon."

In the case of *Little v. Virginia & Gold Hill Water Co.*, 9 Nev., 317 (1874), the defendant was sued as a corporation of the State of Nevada when in fact it was a California corporation. There was a Nevada corporation by the same name which appeared. The California corporation was served, but did not appear. Nonsuit was granted; it being held that the company could not even amend, as the effect would be to change the parties defendant.

In the case of *Southern Pacific Co. v. Burns* (Tex. Civ. App.), 23 S. W., 288 (1893), the Southern Pacific Railway Company was sued, and judgment was obtained. The Southern Pacific Company filed answer. It was held that the Southern Pacific Railway Company and Southern Pacific Company cannot be regarded as identical, as the names indicate different and distinct entities. It is clear that in the case under argument different and distinct entities are indicated.

In the case of *Maher et al. v. Interstate Switch Co.*, 58 Kan., 817, 51 P., (1897), the plaintiff sued the Interstate Switch Company, a Kansas corporation, intending to sue Interstate Switch Company, a Missouri corporation. The Court stated: "We think the Court was right in holding that the Missouri corporation was not served with process in the former case. In fact, it was not a party to the action."

To the same effect is the case of *Bickford v. Refugio Land & Irrigation Co.* (Tex. Civ. App.), 143 S. W., 1188 (1912), where service on Refugio County Land & Irrigation Company did not bind Refugio Land & Irrigation Company, and also in *Southern Pacific Company v. Block et al.*, 84 Tex., 21, 19 S. W., 300, where a petition was served on Southern Pacific Company, which stated the name of the defendant to be Southern Pacific Railway Company, which holds that this did not bind Southern Pacific Company, and that, unless the company appeared or waived service, a judgment by default against it would be unwarranted.

The case of *Neal-Millard Co. v. Owens*, 115 Ga., 959, 42 S. E., 266 (1902), holds that, where a defendant in a pending suit is served with a process in which an entirely different person is named as defendant, such process is, as to the person served therewith, no process at all; and the name of the real defendant cannot, by amendment at the trial term of the case, be substituted for the person named in the process.

*Tilford v. Franklin Fire Insurance Co. of Philadelphia,* 25 Ga. App., 641, 104 S. E., 19 (1920), holds that, where process issued against a defendant other than the one named in the petition, such process is not good.

Paragraph 524, § 6, Vol. 1, Code of Laws of South Carolina, 1922, provides that, if the receiver has been appointed and the party claiming the property cannot be found within the State, notice of the appointment shall be given by publication or personal service without the State as prescribed by law in the case of a summons in a civil action. Paragraph 392 of the same volume, Subd. 4, provides that personal service of the summons out of the State shall be equivalent to publication and deposit in the post office. In such case the personal service is subject to the same strict rules as service by publication would be, and that it would be especially important that the name and description of the corporation defendant should have been correctly given.

In the case of *Hoffman et al. v. Mechanics American National Bank of St. Louis et al.* (Mo. App.), 287 S. W., 874, page 876 (1926) it is held as follows: "Notice by publication is * * * a proceeding against the name of the defendant, and, consequently, to give such notice to defendant as the service of a writ upon him would impart, so as to confer jurisdiction upon the Court, his name should be correctly set forth in the order of publication, for the reason that, if the name is omitted or is incorrectly given, there is a complaint against nobody."

*Schaller & Son v. Marker et al.,* 136 Iowa, 575, 114 N. W., 43 (1907), holds to the same effect that the ordinary presumption in favor of a judgment does not apply to a judgment rendered in service by publication, and the calling of a defendant "Chase Marker," instead of "Chan Marker," constitutes a fatal misnomer.

It is clear that a fatal mistake was made when the following words were added: "A corporation organized under the laws of the State of New York." This

was vital in this case; there is no such corporation, and all proceedings based on this error must fall. A receiver was appointed for something that did not exist, because plaintiff bases his power and authority on an alleged act and creation of a corporation by the State of New York, and, when it appeared that the State of New York had created no such corporation, then there is an end to the matter. The existence of a person, corporation, or partnership for which an appointment of a receiver is sought is fundamental; and if there be no such person, corporation, or partnership, then it follows that there can be no legally appointed receiver. The existence of the New York corporation is the foundation of the alleged receivership proceedings, and, when it appears that there is no such New York corporation, then it follows that there can be no receiver who can bring any suit, and it also follows that, when F. S. Porter attempts to bring any action against the defendant as such receiver, the defendants, who are the appellants in this case, have the right to object that the said F. S. Porter is not the legally appointed receiver in this case. It is therefore plain that the order appealed from must be reversed.

In the second case, the demurrer of the defendants so far as this appeal is concerned, was as follows:

The demurrer of the defendants sets forth, among other things, that it appears on the face of the complaint and the receivership proceedings upon which the complaint is based that the County Court of Richland County has no jurisdiction of the subject of the action, that the plaintiff has not legal capacity to sue, and the complaint does not state facts sufficient to constitute a cause of action on the following grounds: "(a) That the plaintiff alleges that he has been appointed Receiver of the New York Civic Opera Company, which corporation is alleged in the Receivership petition to be a corporation of the State of New York whereas it is shown in the receivership proceedings that the defendants

dealt with the New York Civic Opera Company, Inc., a corporation of the State of Florida."

What has been said in disposing of the exceptions in case No. 1 will also apply in disposing of the above exceptions which really determine this case, to wit: That it having been alleged that the New York Civic Opera Company was a corporation organized under the laws of the State of New York, and, it further appearing that said corporation was not organized under the laws of the State of New York, then there was no receiver legally appointed.

The judgment of this Court is that the orders appealed from be reversed and that the case be remanded to the County Court of Richland County, with directions to enter an order sustaining the demurrers to the complaint and to the rule to show cause and dismissing the complaint and rule.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.

Mr. Justice Cothran (concurring in result) : I concur in the result of the opinion of Mr. Justice Ramage for the following reasons:

This is a very extraordinary and much complicated proceeding. The incompleteness of the record has added much to the complexity.

It appears that Horodas and Gandolfi were opera singers, engaged by the New York Civic Opera Company, a corporation under the laws of the State of *Florida.* They claimed that the opera company was in arrears with them in the payment of their salaries.

After the company gave an exhibition in Columbia, in March, 1927, under a contract with Brown & Propst, lessees of the opera house, the unpaid singers took steps to impound the box receipts in the hands of Brown & Propst.

It is stated, in the brief of counsel representing the interests of the singers, that on March 28, 1927, one of them, Horodas, began an action in the County Court of Richland County against the opera company and

the lessees, I assume upon his claim for unpaid salary, and that the box receipts in the hands of the lessees *were attached* in that action. The transcript contains no evidence justifying the acceptance of this statement as a fact, though, of course, I do not question-its accuracy.

On March 29th, both of the singers, Horodas and Gandolfi (why united, does not appear), began an action in the County Court against the opera company for the appointment of a receiver of the box receipts in the hands of the lessees, as the property of the opera company. In the complaint it was alleged that the opera company was a corporation under the laws of the State of *New York*. This is conceded to be an error, as it is a corporation under the law of the State of *Florida*. The papers in this proceeding were served upon the lessees, who, however, were not parties to it. Upon the application of counsel for the singers, his Honor Judge Whaley appointed F. S. Porter receiver of said assets. Later, on April 1, his Honor passed an order directing that the summons and complaint and the order appointing receiver be served upon the opera company before the receiver should· proceed with his duties as such. They were served upon the opera company in New York City and upon its designated agent in Florida. Porter qualified as receiver, and instituted the present action against the lessees for the recovery of the box receipts.

Notwithstanding the statement contained in the brief of counsel for the singers, above referred to, the transcript contains the following: "The record in the receivership proceedings and the record in the case of *Porter, Receiver, v. Brown & Propst,* failed to show that any attachment was had of any assets of New York Civic Opera Company in either case, and in fact no attachment was brought. No officer or agent of New York Civic Opera Company was served in South Carolina."

I feel constrained, therefore, to accept the statement; and, as it appears thus that the proceeding for the appointment

of a receiver was instituted without the institution of an action against the opera company, the Court was without authority to appoint a receiver, and all proceedings connected therewith are *coram non judice,* and void.

"It is a well established rule that in order to authorize the appointment of a receiver it is essential that there be at the time of the appointment a suit pending in which relief other than the mere appointment of a receiver is sought." 1 Tardy's Smith, Receivers, § 14; 2 Tardy's Smith, Receivers, § 720. See, also, the authorities cited in appellant's brief, which the reporter will append in a note, with full citations.[1]

[1] Tardy's Smith on Receivers: "It is a well established rule that in order to authorize the appointment of a receiver it is essential that there be at the time of the appointment a suit pending in which relief other than the mere appointment of a receiver is sought." Volume 1, § 14, p. 50. "It is fundamental that there is no such proceeding in equity as a plain receivership action, in which the appointment of a receiver is the only desideratum." Volume 1, § 14, p. 52. "The appointment of a receiver being an ancillary remedy, it is obvious that it is essential that before an order appointing a receiver can be asked, there must be pending a suit asking for relief to which a receiver would be provisional and ancillary. In other words, a bill cannot be filed for the sole purpose of seeking the appointment of a receiver." Volume 2, § 720, p. 1952.

"As a general rule a receivership is a purely ancillary remedy and cannot be maintained in a proceeding instituted solely for that purpose." 23 R. C. L., Par. 5, p. 11. "As a general rule a Court of Equity has jurisdiction to appoint a receiver only where a suit is pending in the same Court in which the application for a receiver is made. Moreover, the suit must be one in which the main relief sought is independent of the receivership. The latter is usually, purely an ancillary remedy." 23 R. C. L. Par. 6, p. 12.

"The general rule is that a receiver cannot be appointed except in a pending cause," etc. 34 Cyc., p. 28. "It is well settled as a general rule that the appointment of a receiver is an ancillary remedy in aid of the primary object of the litigation between the parties." 34 Cyc., p. 29.

"The remedy is a provisional or auxiliary one invoked as an adjunct or aid of the principal relief sought by the action and never as the ultimate object of the action." 8 Fletcher, Cyclopedia Corporations, Par. 5222.

"It is fundamental that there is neither in law nor in equity any such thing as a plain receivership action, *i.e.,* an action in which a receiver is the only desideratum. In short, the appointment of a receiver by a Court of Equity, except in rare cases arising out of lunacy or infancy, is ancillary wholly to some other action having some "definite relief in view." *Price et al. v. Bankers' Trust Company* (Mo. Sup., 1915), 178 S. W., 745; also *Continental Trust Co. v. Brown et al.* (Tex. Civ. App., 1915), 179 S. W., 939; *District No. 21, etc., v. Bourland,* 169 Ark., 796, 277 S. W., 546 (1925); *Vila v. Grand Island, etc.,* 68 Neb., 222, 94 N. W., 136, 97 N. W., 613, 63 L. R. A., 791, 110 Am. St. Rep., 400, 4 Ann. Cas., 59 (1903); *Bank of Meadville v. Hardy,* 94 Miss., 587, 48 So., 731 (1909).

162

I have not adverted to the misnomer of the opera company as being a corporation of New York, when in fact it is a corporation of Florida, for the reason that the objection is technical and could possibly have been cured, and for the further reason that I have some doubt as to the appropriateness of the question being raised by the lessees, defendants in this action.

MESSRS. JUSTICES BLEASE and STABLER concur.

MR. ACTING ASSOCIATE JUSTICE RAMAGE concurs in part.

MR. ACTING ASSOCIATE JUSTICE RAMAGE (concurring) : I concur in the following words in the within opinion: "As it appears thus, etc., proceeding for the appointment of a Receiver was instituted without the institution of an action against the Opera Company, the Court was without authority to appoint a receiver, and all proceedings connected therewith are *coram non judice.*"

I adhere to my written opinion herein.

"A receiver may only be appointed in a pending case. A suit does not lie for the sole purpose of appointing a receiver, but the Court must have jurisdiction of the suit on some other ground before it can make the appointment." *Baltimore Bargain House v. St. Clair et al.,* 58 W. Va., 565, 52 S. E., 660 (1906) ; *Meyers Bros. v. Harman Bros.,* 78 W. Va., 460, 89 S. E., 146 (1916).

"There is, of course, no such thing as an action brought distinctively for the mere appointment of a receiver. Such an appointment, when made, is ancillary to or in aid of the action brought. Its purpose is to preserve the property pending the litigation so that relief awarded by the judgment, if any, may be effective. The authority conferred upon the Court to make the appointment necessarily presupposes that an action is pending before it, instituted by some one authorized by law to commence it." *French Bank Case,* 53 Cal., 495.

"One who alleges himself a creditor cannot apply for the appointment of a receiver without making a principal demand, for it may be that he is not really a creditor, and so without interest in the corporation." *Van Vleet v. Evangeline Oil Co.,* 127 La., 919, 54 So., 286 (1911).

*Ex parte Williams,* 17 S. C., 396, 403: "A receiver is an indifferent person between the parties to a cause, appointed by the Court to receive and preserve the property in litigation *pendente lite.* He is not the agent or representative of either party to the action, but is uniformly regarded as an officer of the Court, exercising his functions in the interest of neither the plaintiff nor defendant, but for the common benefit of all parties in interest."

"If the Court is without jurisdiction to appoint a receiver the order is void and may be attacked or disregarded whenever it comes collaterally in question." 34 Cyc., p. 168.

"If it appears upon the face of the proceedings that a Court's order appointing a receiver was without authority of law, and, therefore, void, the order may be assailed collaterally and with impunity by anybody." 23 R. C. L., p. 44.