# CHARLESTON.

## WHYEL v. JANE LEW COAL & COKE COMPANY.

### Decided August, 10, 1910.

1. APPEAL AND ERROR—*Dismissal—Sufficiency of Motion.*
    A motion to dismiss an appeal pending in an appellate court should be in writing and should state specifically the grounds therefor. The notice of such motion, however, is not necessarily the motion itself. If the ground stated therein be too general, yet if in the briefs of counsel filed the grounds be specifically set forth, this will amount to a substantial compliance with the rule.

2. SAME—*Dismissal—Hearing on Motion—Questions Considered.*
    On such motion to dismiss an appeal questions involving the

merits thereof, or matters to be considered at the hearing cannot, as a general rule, be considered, nor such as require an examination of the whole appeal record.

3. SAME—*Appealable Orders—Order Directing Receiver to Make Inventory.*

A decree or order made in a pending cause appointing a special receiver of defendant's coal mining plant, directing him to make a complete inventory, and report to the court the advisability of continuing the operation thereof, is by virtue of clause seven, section one, ch. 135, Code 1906, an appealable order, although such property be then in the possession of a special receiver appointed by another court, and it is provided in such order that the special receiver so appointed apply by petition to the court whose receiver has possession of the property for possession thereof, and that pending action on such petition he do not disturb the possession of the special receiver having such possession.

4. SAME—*Dismissal — Grounds — Extinguishment of Controversy Pending Appeal.*

As many times decided this Court sits to redress wrongs and not to settle moot questions; and whenever it is made to appear that by time or other cause the matter in controversy has been extinguished pending the appeal, the appeal will be dismissed.

5. SAME—*Dismissal—Hearing.*

The facts which are proper to be considered on a motion to dismiss a pending appeal may be shown by reference to the prior or subsequent proceedings in the cause, or by affidavit, or other legal and competent evidence.

6. RECEIVER—*"Special Receiver"—Powers.*

A special receiver is simply an officer of the court and as such has no right even in the cause in which he is appointed, without leave of the court, to intermeddle in questions affecting the rights of the parties.

7. APPEAL AND ERROR—*Right of Review—Special Receiver of Federal Court:*

The special receiver of a federal court, though authorized by that court, will not be entertained or heard in this Court upon an appeal by him from a decree pronounced by a circuit court of this state in a cause pending there, to which he was not a party and whose personal rights are in no way involved or affected by the decree appealed from.

Appeal from Circuit Court, Harrison County.

Action by Harry Whyel and others against the Jane Lew Coal

& Coke Company.  Judgment for plaintiffs, and defendant appeals.  On motion to dismiss.

*Motion Sustained.*

*A. W. Burdette, Chas. E. Hogg,* and *Chas. J. Hogg,* for appellant.

*Davis & Davis,* for appellees.

MILLER, JUDGE:

Appellees move a dismissal of the two appeals heretofore awarded in this cause, the first, October 29, 1908, on the petition of the Jane Lew Coal and Coke Company, from an interlocutory order of August 26, 1908, appointing Haymond Maxwell special receiver of "all and singular the lands, coal, leasehold estates, tipples, coke ovens, railroad switches and other improvements mentioned and described in the plaintiff's bill"; the second, December 14, 1909, from two decrees herein; the first pronounced February 13, 1909, among other things adjudging the principles of the cause and decreeing a sale of the property sought to have sold; the second pronounced April 17, 1909, confirming the sale of the property of said Company, previously decreed to be sold, awarded on the petition of said Company by A. C. Fulmer, receiver of all the property of said Company, appointed August 17, 1908, by the Circuit Court of the United States for the Northern District of West Virginia, in the suit of Sarah Barnes against said Coal Company and others, then pending in said Court.

The only ground of the motion stated in the written notice thereof served on appellant is that said appeals were improvidently awarded.  In their printed briefs filed counsel for appellants challenge the sufficiency of this notice; they say it is too general, the specific grounds not being set forth.

The rule seems to be that a motion to dismiss must be in writing, and should state specifically the grounds on which it is made.  4 Am. & Eng. Ency. Pl. & Pract. (New Ed.) 265. The notice of the motion does not specify the grounds, but notice of the motion is not the motion itself.  The printed brief filed does state the grounds of the motion specifically; it was fully replied to by appellants' counsel in their opposition brief. We think this a substantial compliance with the rule.

It is conceded, and the law undoubtedly is, that on a motion to dismiss questions involving the merits of the appeal, or matters to be considered at the hearing cannot, as a general rule, be considered, nor such as require an examination of the whole appeal record. 4 Am. & Eng. Ency. Law & Pract. (New Ed.) 258-9, and cases cited in notes.

As already observed the first appeal was from the interlocutory order of August 26, 1908, appointing Haymond Maxwell special receiver. An appeal from it can be sustained only, if at all, under that provision of clause seven, section one of chapter 135, Code 1906, authorizing an appeal in "any case in chancery when there is a decree or order requiring the possession or title of the property to be changed." This order. does specifically appoint said Maxwell receiver of the property mentioned therein, constituting the coal mining plant sold and conveyed by plaintiffs to the defendant company, and directs him to proceed forthwith to take possession thereof, make a complete inventory, and to care for, protect and preserve the same, and to make a report to the court as to the advisability of continuing the operation thereof, thus providing for a change of the possession of the property, and bringing. the case clearly within the provision of the statute, as construed by this Court in prior decisions. *Ruffner* v. *Mairs,* 33 W. Va. 655; *Hulton* v. *Lockridge,* 27 W. Va. 428; *Grantham* v. *Lucas,* 15 W. Va. 425; *Wagner* v. *Coen,* 41 W. Va. 351.

On this motion, however, and as one of the grounds specifically relied on, it is claimed that the whole effect of the order, so far as it relates to the possession of the property, is destroyed by the subsequent provision, as follows: "And it appearing to the court from a certified copy of an order hereinbefore tendered by A. C. Fulmer, that on the 17th day of August, 1908, said Fulmer was appointed by the Circuit Court of the United States for the Northern District of West Virginia, receiver of all and singular the assets of the said Jane Lew Coal & Coke Company, it is further ordered that Haymond Maxwell, the receiver hereinbefore appointed, do apply by petition to the said Circuit Court of the United States for the Northern District of West Virginia, for an order directing the said Fulmer as such receiver to deliver to the receiver hereinbefore appointed the assets in controversy in this suit and now here committed to his charge, and that he

do not disturb the possession of the said Fulmer pending action to be had upon the said petition." This provision was evidently made out of respect for the decree of the federal court, and in order to avoid conflict of jurisdiction. The suit in the federal court was subsequent in time to that in the state court, but the federal court on the *exparte* application of the plaintiff, joined in by the defendant, anticipated the action of the state court, by appointing said Fulmer special receiver. It seems to us enough to satisfy the statute that the decree when executed according to its requirements involves a change of the possession of property. The record shows that on application by Maxwell, special receiver, the federal court denied him possession of the property; but on his subsequent application, as trustee in bankruptcy, Fulmer, special receiver, was directed to turn over the property to him as such trustee.

Another specific ground for dismissing the first appeal is that the possession of the property was never in fact changed by virtue of the order appealed from; and that the whole matter in controversy involved in that appeal has been finally heard and determined by the decrees of sale and confirmation pronounced in this cause, leaving a bare moot question for determination upon this appeal. It has been decided in Virginia, and many times here, that this Court sits to redress wrongs, and not to settle such moot questions, and that whenever it is made to appear that by time or other cause the matter in controversy has become extinguished pending the appeal, the appeal will be dismissed. *James River Co.* v. *Littlejohn,* 18 Grat. 53, 71, points 1 and 2 of the Syllabus; *Ferguson* v. *Millender,* 32 W. Va. 30; *Taylor* v. *Maynor,* 46 W. Va. 588; *State* v. *Lambert,* 52 W. Va. 248; *Elbon* v. *Hamrick,* 55 W. Va. 236; *Hamilton* v. *Ammons,* 56 W. Va. 190.

It is contended, on behalf of appellant, however, that we cannot on this motion to dismiss the first appeal consider the subsequent decrees and proceedings in the cause. We cannot accede to this proposition. The cases just cited we think support the converse thereof. The facts may be shown by reference to the prior or subsequent proceedings in the cause, by affidavits or other legal and competent evidence. 4 Am. & Eng. Ency. Law & Pract. 271-272. In the recent case of *Elbon* v. *Hamrick, supra,* this Court, following *State* v. *Lambert, supra,* said that

if, "pending a writ of error, without fault of a party, an event occurs rendering it impossible for the appellate court, if it should decide in favor of the plaintiff, to grant him substantial relief, the court will not decide the merits and give formal judgment, but will dismiss the writ of error, without awarding costs." The principles of these cases, we think applicable here. The court proceeded to hear and determine the merits of the whole case, made sale and disposition of the property, and discharged the receiver, who, as the record shows, had never acquired possession of the property. No matter then what the Court might conclude on this appeal, the decree of sale and confirmation remaining in full force binding appellant and all other parties to the suit could grant no relief to appellant.

This brings us to a consideration of the motion to dismiss the second appeal involving also the first appeal. If this motion should prevail the first appeal will necessarily go with it. The second appeal, as we have seen, was allowed on the petition of the Jane Lew Coal & Coke Company, by A. C. Fulmer, receiver, appointed by the federal court. The record shows that after his appointment, August 17, 1908, and adjudication of the bankruptcy of said company by the federal court February 15, 1909, said Fulmer, receiver, on April 3, 1909, on his *exparte* application obtained the authority of the federal court to defend this suit then depending in this Court, and to that end to expend sufficient of the money in his hands to pay for printing the brief to be used in said defense. At that time the only appeal pending here was the first appeal. An appeal from the final decrees on the petition of said company had then been refused, but afterwards the appeal now under consideration was allowed on the petition of said company, by A. C. Fulmer, receiver.

The first point made on this motion, applicable to both appeals is, that Fulmer, receiver, is not entitled to defend or prosecute a suit for or against the defendant company, there being no decree against him as receiver, or effecting his rights as such. On this proposition we are cited to *Ruhl* v. *Ruhl,* 24 W. Va. 279, and *Colman* v. *Oil Company,* 25 W. Va. 148, 178. We think the doctrine of these and other authorities well established, that a special receiver of the court is simply an officer of the court, and as such has no right, without the leave or direction of the court appointing him, to intermeddle in questions affecting the rights

of the parties. Besides the cases cited, see 34 Cyc. 447; *Melendy* v. *Barbour,* 78 Va. 544; Smith on Receivers, section 41, page 117. The authority last cited, besides *Melendy* v. *Barbour, supra,* cites note 3, page 118, *Steele* v. *White,* 2 Paige 478; *Cuylor* v. *Moreland,* 6 Paige 273, and *Stone* v. *Byrne,* 5 Bro. P. C. 213. See also *First National Bank* v. *Bunting,* (Ida.) 59 Pac. R. 929, 1106, and *McKinnon* v. *Wolfender,* (Wis.) 47 N. W. 436; 2 Cyc. 897, note 12. But some of these authorities, say, "without its leave or direction." In this case the authority of the federal court is not only impliedly but expressly given Fulmer as special receiver to make defense to the suit, then pending in this Court. At that time the cause was not pending here on the second appeal, and it may be doubtful whether the order of the federal court was sufficient warrant of authority to institute the second appeal.

Our views of this case do not require a decision of this question. The order of the federal court authorizing Fulmer to make defense was entered November 20, 1909; but what reason was there for such intervention? The parties plaintiff or defendant, unless in some way barred, were competent to prosecute and defend appeals from adverse decrees against them in the suit. Moreover, what authority had the federal court to direct its receiver to intervene? The cases cited involved decrees made in the cause in which the special receiver was appointed, not decrees *inter partes,* in causes pending in other courts. In *Colman* v. *Oil Co., supra,* 178, Judge GREEN pertinently says: "There is but one case, that I know of, in which the Circuit Court of the United States for the District of West Virginia could appoint or direct any one to prosecute a writ of error in the Appellate State Court; and that is where the plaintiff in error is a bankrupt, and the court is proceeding against him as such, and there has been a judgment in an inferior court against the bankrupt, which the assignee or the court thinks should be reversed." The defendant company, it is true, had been adjudged a bankrupt, its property had been sold, and there had been a decree against it for a balance of purchase money. But the order of authority was not one authorizing the trustee in bankruptcy to intervene and defend that decree, such as was referred to by Judge GREEN in *Colman* v. *Oil Co.* The remarks of Judge GREEN in that case had reference, of course, to the bank-

ruptcy act of 1867. Loveland on Bankruptcy (2nd Ed.) section 146, says: "The cases under the act of 1867 established the doctrine that under that law the validity of a pending suit or of the judgment or decree thereon was not affected by the intervening bankruptcy of one of the parties; that the assignee might or might not be made a party; and whether he was so or not he was equally bound with any other party acquiring an interest *pendente lite.* The same rule is undoubtedly applicable to the law of 1898, except where the case is stayed under the first paragraph of section 11."

The State courts by reason of the bankruptcy of a party do not lose jurisdiction over the parties or the subject of the litigation acquired before the adjudication, with certain exceptions not applicable here. Act 1898, section 11. The only thing for the trustee to do is to get himself admitted as a party into the case in the state court and to litigate his rights there. 1 Remington on Bankruptcy, section 1852, *et seq.* The authorities cited above, we think, establish the proposition that the federal court, if such was its purpose was without authority, or jurisdiction to authorize its receiver to prosecute appeals in this Court, and to thus intermeddle with the rights of the parties, and that he should not be entertained or heard here on such appeals. Quite a different question would be prosecuted if it was the trustee in bankruptcy intervening. *Herndon* v. *Howard,* 9 Wall. 664; Loveland on Bankruptcy, 360 and note 92.

But it is suggested that although allowed on the petition of the special receiver, it is an appeal by the bankrupt corporation, and that as the decree appealed from adjudges said bankrupt to be indebted to plaintiff in the sum of $35,000.00, and that the same is a valid lien on the land sold, and was pronounced after the bankruptcy proceedings were begun in a suit brought before the petition in bankruptcy was filed, the bankrupt has the right to prosecute the appeal. Counsel cite for this proposition, Loveland on Bankruptcy, (2nd Ed.) 360-361. We think it is unnecessary to respond to this contention. This appeal was awarded on the petition of the special receiver. It is distinctly and properly considered his appeal as receiver. The bankrupt is in no sense appellant. The special receiver filed his petition claiming to do so under the authority of the federal court. An appeal had been previously denied the corporation.

It is the special receiver, not the corporation prosecuting this appeal, and the question before us is should he be heard. We have concluded he should not be.

Our opinion, therefore, is to sustain the motion to dismiss both appeals, and we will so order.

*Motion Sustained.*