Joe L. HILL, Appellant,

v.

Jesse JAMES, State Treasurer, Appellee.

No. 10514.

Court of Civil Appeals of Texas. Austin.

Nov. 4, 1957.

Joe L. Hill, Austin, pro se.

Will Wilson, Atty. Gen., C. K. Richards, W. V. Geppert, Asst. Attys. Gen., for appellee.

HUGHES, Justice.

Joe L. Hill, a taxpayer of the State of Texas, sued Jesse James, State Treasurer of Texas, to restrain him from paying $529.50 in warrants issued by the Comptroller of Texas to Pfennings of Austin, Texas. It was alleged that the warrants were in payment of an item described as "Reupholster 14 chairs and replace Dining Room Glass Curtain," such items having been purchased by the State Board of Control under requisitions originating "about December 1956" in the "office of the Speaker of the Texas House of Representatives and/or Contingent Expenses Account Committee of said House and/or the Chairman thereof and/or the Chief Clerk of said house" which requisitions "or papers" were "of a kind and character the exact content of which are to Plaintiff unknown."

It was also alleged that such merchandise and services "were ordered for the space now occupied by the Speaker of the House of Representatives, and which space was at the time of the preparation of the requisition or requisitions was then and there being illegally used and occupied as a dwelling place, housekeeping quarters or apartment by the then Speaker of the House."

A plea to the jurisdiction of the Trial Court and a plea in abatement filed by appellee Jesse James was sustained on the ground that the State of Texas was a necessary party to appellant's suit and the State not being a party and the State's consent to be sued not being alleged or shown and appellant not requesting leave to amend, his suit was dismissed.

Appellee has filed a sworn motion to dismiss this appeal which states that "each and every warrant that the Appellant is seeking to enjoin the appellee from paying has in all things been paid."

This motion is not controverted by appellant and we accept as true its factual averments. Nor does appellant brief appellee's contention that this is a moot case.

It is obvious that no actual controversy now exists between the parties. The act sought to be enjoined has been performed. No other relief was sought. The case is moot. Travis County v. Matthews, Tex.Civ.App., Austin, 221 S.W.2d 347.

Since the judgment appealed from was one of dismissal we affirm the judgment with the qualification that such judgment is without prejudice to the rights of either party hereto. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Affirmed.