PARKWAY FUEL SERVICE, INC.

*v.*

ROY PAULEY

(No. 13538)

Decided December 16, 1975.

No appearance for appellant.

*John G. Anderson, Catsonis & Linkous, Leo Catsonis, Thomas L. Linkous* for appellee.

FLOWERS, JUSTICE:

In this appeal from the Circuit Court of Putnam County, judgment was entered in favor of the plaintiff, Parkway Fuel Service, Inc., and against the defendant, Roy Pauley, for $4,000.00 rent and possession of the rental property. The defendant assigns as error the summary entry of judgment, over his objection and without evidence to support it, when the facts were in dispute and a timely demand for a jury trial had been made.

After being granted this appeal, the defendant failed to file a brief and did not appear when the case was called for argument. The plaintiff exercised his option under Section 6, Rule VI of the Rules of this Court to have the case submitted for decision and moved to dismiss the appeal.

As grounds for dismissal, the plaintiff raises the defendant's failure to file a brief and contends that the appeal was improvidently awarded for two reasons: (1) No motion for relief from the judgment, under Rule 59 or Rule 60 of the Rules of Civil Procedure, was made in the trial court; and (2) an affidavit was attached to the petition for appeal without giving the notice required by Section 2, Rule IX of the Rules of this Court.

I

While Rule VI of the Rules of this Court requires the filing of a brief and sets forth the time and manner in which it shall be accomplished, the effect of noncompliance by one party is not dismissal of the appeal. When one party to an appeal files a brief and the other party does not, the party in compliance with Rule VI obtains control of the case under Section 6, Rule VI, and he may

have the case submitted or continued at his option. In the instant case, counsel for the plaintiff elected to submit the case for decision and the case was heard, as Rule VI, Section 6 permits, upon ex parte argument. A dismissal may be effected in these circumstances only when no briefs have been filed by either party and the case has been continued under Section 7 of Rule VI for four successive regular terms. Section 1, Rule XII of the Rules of this Court.

Moreover, an appeal cannot be dismissed as improvidently awarded simply because the appellant failed to request relief from the judgment in the trial court by a motion under Rule 59 or Rule 60 of the Rules of Civil Procedure. A trial court may amend or alter a judgment upon a Rule 59(e) motion which is served no later than ten days after the entry of the judgment. Rule 60(b) provides for relief from a judgment in certain stated circumstances when a motion is made within a reasonable time after the entry of judgment. These remedies exist concurrently with and independently of the remedy of appeal, and failure to apply for such relief does not affect the appealability of a final judgment. *W. Va. Code*, 58-5-1, permits a party to a controversy to obtain an appeal or a writ of error when the matter in controversy exceeds three hundred dollars and a final judgment has been entered. *See* Article VIII, Section 3, of the *Constitution of West Virginia.*

Finally, the appellee speculates that the appeal may have been improvidently awarded due to reliance by this Court upon an affidavit filed with the petition for appeal. The affidavit of Stephen P. Meyer, attorney for the defendant below but not counsel at the time of the appeal, alleged that affiant had informed opposing counsel of his unavailability on the scheduled date of trial in Putnam County and had asked that the judge be notified. Shortly thereafter he received a letter from the judge asking for a conference at an early date. At the conference affiant explained that he was in federal court

in Beckley on the scheduled trial date in Putnam County. The court nevertheless entered judgment without testimony and over affiant's objection. Notice of the taking of the affidavit was not given the appellee by the appellant.

The appellee is correct in his contention that such evidence cannot be considered here "unless reasonable notice be given to the opposing party or his counsel of the time and place of the taking of the same, with the right of cross-examination." Section 2, Rule IX, Rules of the Supreme Court of Appeals. This rule requires depositions in order to have proper proof, although such depositions may be labeled or called affidavits. *State ex rel. Scott v. Boles,* 150 W. Va. 453, 147 S.E.2d 486 (1966). Where no notice or opportunity to cross-examine has been afforded opposing counsel, the affidavits may not be considered. *State ex rel. Browning v. Jarrell,* W. Va., 192 S.E.2d 493 (1972). *See, State v. Knotts,* W. Va., 197 S.E.2d 93 (1973).

However, the record before us, stripped of the offending document, reveals that the defendant filed a general denial to the complaint and demanded a trial by jury. The judgment order shows that the court heard only the arguments of counsel and then entered judgment for the plaintiff, noting the objection and exception of the defendant. On this basis a proper case for appeal was presented. To hold otherwise would require resort to facts dehors the record. In ruling upon a motion to dismiss an appeal, courts as a general rule will be governed entirely by the record. *Rountree v. Rountree,* 200 Va. 57, 104 S.E.2d 42 (1958); 5 C.J.S. *Appeal & Error* §1377, p. 494; 5 Am. Jur. 2d *Appeal and Error* §926, p. 355. The instant case does not fall within the recognized exceptions to this rule.[1]

---

[1]Certain exceptions to that rule are recognized where the extrinsic evidence relates to matters which occur after the entry of judgment and which directly affect the appealable nature of the judgment, such as mootness. *See generally, Farmers Insurance Group v. Worth Insurance Company,* 8 Ariz. App. 69, 443 P.2d 431 (1968); *Hill v. James,* 307 S.W.2d 619 (Tex. Civ. App. 1957); *Whyel v. Jane Lew*

## II

On the merits of the appeal, the appellee, plaintiff below, invites the Court's consideration of a verified motion relating facts at variance with portions of the record filed herein and supported by certain exhibits. The motion to dismiss was served upon counsel for the defendant.

In sum, appellee's averments and exhibits indicate that counsel for the defendant first advised opposing counsel that he was going to file a counteraction in federal court seeking specific performance of an oral contract to sell the rental property to the defendant. After his answer of general denial and demand for a jury trial, a trial date was set for July 29, 1974.

The record reveals that counsel for the defendant then wrote to Circuit Judge Thompson expressing "serious doubts about" his "current status with Mr. Pauley [the defendant]" with whom he had lost contact and noting a tentative requirement to appear in federal court in Beckley on the same date as the Putnam County trial. The record does not disclose, however, what occurred on July 29, 1974, or whether a continuance of the matter was ever effected.

Appellee's motion contends that the defendant filed an action in federal court against the plaintiff on the day trial was scheduled in Putnam County, but the defendant failed to appear for the Putnam County trial. At the request of the trial judge, a conference with counsel was held in August. The motion alleges that during the August conference defense counsel admitted having no defense to the action and judgment was accordingly rendered for the plaintiff. The judgment order was thereafter prepared by plaintiff's counsel and submitted for approval to defense counsel. The draft of the order was modified by counsel for the defendant to show his

*Coal & Coke Co.*, 67 W. Va. 651, 69 S.E. 192 (1910); 5 C.J.S. *Appeal & Error* §1377, p. 494.

objection and exception. As recited earlier, that order indicated that the court heard the arguments of counsel and entered judgment for the plaintiff, over the objection and exception of the defendant.

To sustain the judgment we are encouraged to rely upon the appellee's evidence that counsel confessed judgment and impliedly withdrew, upon leave of the court, his general denial and demand for a jury trial. To do so requires us to ignore the defendant's objection and exception which is expressly noted in the judgment order. We cannot do this. A court of record speaks only through its records, and where it is stated in an order that the defendant objected and excepted to the entry of judgment, it cannot be questioned subsequently in an appellate court. *Blain v. Woods*, 145 W. Va. 297, 115 S.E.2d 88 (1960).

Had the plaintiff given notice as required by Rule 55(b)(2) of the Rules of Civil Procedure, a default judgment could have been entered. *Bennett v. General Accident Fire and Life Assur. Corp.*, 149 W. Va. 92, 138 S.E.2d 719 (1964). Such a procedure was not employed. Judgment was entered by the trial court, sitting without a jury, under the authority of Rule 52 of the Rules of Civil Procedure.

Rule 52(a) of the Rules of Civil Procedure, which governs actions tried by the court without a jury, mandatorily requires a trial court to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." A failure to comply with the rule constitutes neglect of duty by the trial court, and the case may be remanded for compliance. *National Grange Mutual Insurance Company v. Wyoming County Insurance Agency, Inc.*, W. Va., 195 S.E.2d 151 (1973); *Commonwealth Tire Company v. Tri-State Tire Company*, W. Va., 193 S.E.2d 544 (1972).

The trial judge, quite possibly lured by counsel's admission of no defense, as the appellee asserts, neglected

to find the facts specially and entered judgment upon a record devoid of any evidence to support it. The entry of judgment was predicated upon the conclusory statement that the court had heard "arguments of counsel." As a consequence, the record in this action presents no basis by which this Court can in justice determine that judgment was properly entered upon sufficient evidence. *See, South Side Lumber Company v. Stone Construction Company,* 151 W. Va. 439, 152 S.E.2d 721 (1967).

For reasons stated in this opinion, the motion to dismiss is denied, the judgment of the circuit court is reversed and the case is remanded for a new trial.

*Reversed and remanded;*
*new trial awarded.*