IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2024 Term

_____

No. 22-0390

_____

FILED

November 14, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,
Defendant Below, Petitioner,

v.

DAVID D. AND ELIZABETH D.,
PARENTS AND LEGAL GUARDIANS OF M.D.,
Plaintiffs Below, Respondents.

_____

Appeal from the Circuit Court of Ohio County
The Honorable Jason A. Cuomo, Judge
Civil Action No. 20-C-195

DISMISSED AS MOOT

_____

Submitted: September 17, 2024
Filed: November 14, 2024

Stephen F. Gandee, Esq.
Robinson & McElwee PLLC
Clarksburg, West Virginia
Attorney for Petitioner

David L. Delk, Jr., Esq.
Grove, Holmstrand, & Delk, PLLC
Wheeling, West Virginia
Attorney for Respondents

JUSTICE BUNN delivered the Opinion of the Court.

JUSTICE WOOTON, deeming himself disqualified, did not participate in the decision of
this case.

JUDGE RYAN, sitting by temporary assignment.

**SYLLABUS BY THE COURT**

1. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syllabus point 1, *Appalachian Power Co. v. State Tax Department of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

2. "[T]his Court sits to redress wrongs and not to settle moot questions; and whenever it is made to appear that by time or other cause the matter in controversy has been extinguished pending the appeal, the appeal will be dismissed." Syllabus point 4, in part, *Whyel v. Jane Lew Coal & Coke Co.*, 67 W. Va. 651, 69 S.E. 192 (1910).

3. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syllabus point 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908).

4. "The general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties[.]" Syllabus point 1, in part, *West Virginia Board of Dental Examiners v. Storch*, 146 W. Va. 662, 122 S.E.2d 295 (1961).

5. "Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided." Syllabus point 1, *Israel by Israel v. West Virginia Secondary Schools Activities Commission*, 182 W. Va. 454, 388 S.E.2d 480 (1989).

**BUNN, Justice:**

Petitioner West Virginia Secondary School Activities Commission ("the WVSSAC") appeals from an order entered April 18, 2022, by the Circuit Court of Ohio County granting summary judgment and a permanent injunction to Respondents, David D. and Elizabeth D., who are the parents of the affected student, M.D. (collectively, "the Respondents").[1]

On appeal, the WVSSAC contends that the circuit court erred by invalidating the "Non-school Participation" Rule, West Virginia Code of State Rules § 127-2-10,[2] and argues that the Rule is rationally related to its stated purpose of "fairly administering interscholastic sports." The Respondents assert that the circuit court did not err by awarding them a permanent injunction and granting their motion for summary judgment because the Rule impermissibly differentiates between student athletes who participate in school-based team sports and school-based individual sports.

---

[1] Because the facts of this case involve a minor high school student, we use initials to refer to her and her parents. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children). While it appears that the student graduated from high school during the pendency of this appeal and may also have now attained the age of majority, we nevertheless employ initials to maintain consistency with the style of this case below and to comply with the requirements of our Appellate Rules. *See* W. Va. R. App. P. 40(e)(1) (requiring use of initials in "cases involving juveniles, even if those children have since become adults").

[2] See Section III, below, for the relevant text of this Rule.

Although the Court originally scheduled this appeal for oral argument in January 2024, the parties filed several motions to continue oral argument, which we granted.[3] Prior to the oral argument on September 17, 2024, the WVSSAC's Board of Control[4] amended the subject Rule to remove the distinction between school-based team and individual sports. Given this substantive alteration of the Non-school Participation Rule, we find that the WVSSAC's appeal is now moot. Accordingly, we dismiss this appeal as moot. *See generally* W. Va. R. App. P. 27(b) (recognizing that "the Supreme Court may dismiss an action that is moot on its own motion without prior notice to the parties").

## I.

## FACTUAL AND PROCEDURAL HISTORY

The WVSSAC's Non-school Participation Rule prevents a student athlete in a team sport from playing on a non-school team in that same sport during that sport's school season. Here, M.D., a female soccer player, began playing on the Wheeling Park High School girls' soccer team as a freshman in Fall 2020. The high school soccer season is in

---

[3] As a general matter, counsel in cases scheduled for oral argument must appear for oral argument as scheduled. Nevertheless, we permit parties to request a continuance of oral argument "by written motion . . . stating the grounds for the continuance[.]" W. Va. R. App. P. 19(c). *Accord* W. Va. R. App. P. 20(c). Based on the written motions filed by each party's counsel, we found good cause to grant the requested continuances in this case.

[4] The WVSSAC explains that its Board of Control is comprised of its member schools' representatives who meet annually to review the existing WVSSAC rules, propose amendments to the rules, and vote on those proposed changes.

the fall and lasts from the first day practice is allowed in late July/early August until the conclusion of the state soccer playoffs in late October/early November. The Non-school Participation Rule prevented M.D. from also playing on her club (travel) soccer team in Pittsburgh, Pennsylvania, during the fall because her club team's fall season coincided with the high school soccer season.

M.D. requested a waiver from the WVSSAC to allow her to play on her club soccer team during the high school soccer season. The WVSSAC Board of Directors held a hearing but denied M.D.'s waiver request. Instead of appealing to the WVSSAC Review Board, M.D., through her parents, filed the underlying action in the Circuit Court of Ohio County seeking a preliminary injunction to enjoin the WVSSAC's enforcement of the Non-school Participation Rule. M.D. explained that she sought injunctive relief rather than an administrative appeal because she would have missed several club soccer games while pursuing an administrative appeal. The circuit court promptly heard M.D.'s case and granted her a preliminary injunction, enabling her to play in club soccer games during the high school soccer season.

Following further proceedings, the circuit court, by order entered April 18, 2022, granted M.D. summary judgment and a permanent injunction precluding the WVSSAC from enforcing the Non-school Participation Rule against her based upon the court's determination that

3

the [Non-school Participation Rule], as written and/or as applied to [M.D.], is arbitrary and capricious and, furthermore, is not rationally related to the WVSSAC's stated purpose. This Rule does not promote school, team-sport achievements over decisions by players to unnecessarily subject themselves to risk of injury by participating in non-school team sports. Instead, this Rule capriciously and arbitrarily singles out certain players, on certain types of teams, and prevents them from playing only the same sport on non-school club teams during the entire academic year. It is completely non-sensical and achieves virtually none, if any, of the stated purposes for which the Rule was allegedly written.

(Emphases and footnote omitted). The WVSSAC appealed from the circuit court's order, and we scheduled oral argument in the case in January 2024. Thereafter, both M.D.'s counsel and the WVSSAC's counsel filed motions to continue oral argument, which we granted.[5]

Before the Court held oral argument, the WVSSAC's Board of Control amended the Non-school Participation Rule to remove the previous version's distinction between school-based team and individual sports.[6] These amendments became effective on September 6, 2024. We heard oral argument in this matter on September 17, 2024, and the case was submitted for decision.

---

[5] *See* note 3, above.

[6] See Section III, below, for the relevant language of the amended Rule.

4

## STANDARD OF REVIEW

This case presents a question of law regarding the interpretation and application of a WVSSAC rule and the implication of the amendments to that rule that became effective while the case was pending on appeal. We review questions of law involving the interpretation of an administrative rule de novo: "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

## III.

## DISCUSSION

This case began when M.D. sought a waiver of the application of the WVSSAC's Non-school Participation Rule, West Virginia Code of State Rules § 127-2-10 (eff. 2020),[7] to allow her to play for both her high school's soccer team and her club soccer team during the Fall 2020 high school soccer season. At that time, the Rule differentiated between school-based team sports and school-based individual sports:

> 10.1. *During the academic year and while a member of a school team, a student shall neither participate, which includes, but is not limited to, fund-raising activities, team picture, tryouts, etc., on any formally organized non-school*

---

[7] The 2020 version of § 127-2-10 became effective on September 8, 2020, and, therefore, was the version in effect when the Respondents filed M.D.'s waiver request on September 9, 2020.

*team in the same sport, nor shall the student compete as an individual unattached in non-school formally organized competition in the same sport. **The following sports are exempted from the provisions of this rule: cross country, golf, swimming, tennis, track, and wrestling***[.]

. . . .

10.3. A student who has participated on a non-school team or as an individual unattached in non-school formally organized competition after the beginning practice date of that sport will be ineligible for participation on that school team for that season in that particular sport except as provided by § 127-2-10.1 and § 127-2-10.2.

W. Va. C.S.R. § 127-2-10 (eff. 2020) (emphases added).[8] This distinction between school-based team and individual sports formed the basis of M.D.'s waiver request to the WVSSAC and her request that the circuit court grant her a preliminary injunction preventing enforcement of the Rule. The circuit court granted M.D.'s request for a preliminary injunction based upon its determination that the Rule arbitrarily distinguished between student athletes who play team versus individual sports for their schools. Thereafter, the circuit court, by agreement of the parties, stayed further proceedings while the WVSSAC's Board of Control considered a proposed amendment to the Non-school Participation Rule at its Spring 2021 annual meeting. Ultimately, the Board of Control rejected the amendment, and the subject Rule language remained the same.

---

[8] The full text of the 2020 version of the Non-school Participation Rule contains additional criteria that are not at issue in this case. *See generally* W. Va. C.S.R. § 127-2-10 (eff. 2020).

6

The circuit court then entered its April 18, 2022 order granting M.D.'s motion for summary judgment and awarding her a permanent injunction to allow her to play for both her high school soccer team and her club soccer team during the West Virginia high school fall soccer season. The WVSSAC disagreed with the circuit court's rulings and filed an appeal with this Court.

While the WVSSAC's appeal was pending in this Court, the WVSSAC's Board of Control once again considered the language of the Non-school Participation Rule, and, this time, the Board of Control adopted substantial amendments that removed the previous Rule's distinction between school-based team sports and school-based individual sports:

> 10.1. *During a WVSSAC established sport season and while a member of a WVSSAC school team, a student may participate in, including but not limited to, showcases, clinics/camps, tryouts, fund-raising activities, and similar activities (hereafter "events") in the same sport outside of the WVSSAC school team activities, however, the student may not compete for a non-WVSSAC school, team, club, or similar structured organization in their formally organized competition/contest/match/game/practice in the same sport. . . .*
>
> . . . .
>
> 10.2. A student who has participated in a game/contest and/or practice on a non-WVSSAC school/team/club or similar structured organization or as an individual unattached in formally organized competition/contest/match/game/practice in the same sport after the WVSSAC established start date of the sport season will be ineligible for participation on that school team for that sport season in that particular sport except as provided by § 127-2-10.1 and § 127-2-10.2[.]

W. Va. C.S.R. § 127-2-10 (eff. 2024) (emphasis added).[9]

As a result of this substantial alteration of the Rule, the distinction between school-based team sports and school-based individual sports that was at issue in the proceedings below, and formed the basis of the circuit court's rulings, is no longer part of the Non-school Participation Rule's language. Rather than differentiating between these two types of student athletes, the Rule now makes no distinction regarding the type of school sport in which the athlete participates and generally places the same type of non-school participation restrictions on all student athletes. This substantive change in the law eviscerates the basis upon which the circuit court granted M.D. relief and renders the instant matter moot.

With respect to mootness, we have held that "this Court sits to redress wrongs and not to settle moot questions; and whenever it is made to appear that by time or other cause the matter in controversy has been extinguished pending the appeal, the appeal will be dismissed." Syl. pt. 4, in part, *Whyel v. Jane Lew Coal & Coke Co.*, 67 W. Va. 651, 69 S.E. 192 (1910). "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60

---

[9] As with the 2020 version of the Rule, the full text of the 2024 version of the Non-school Participation Rule also contains additional criteria that are not at issue in this case. *See generally* W. Va. C.S.R. § 127-2-10 (eff. 2024).

S.E. 873 (1908). Therefore, "[t]he general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties[.]" Syl. pt. 1, in part, *W. Va. Bd. of Dental Exam'rs v. Storch*, 146 W. Va. 662, 122 S.E.2d 295 (1961). *Accord* Syl. pt. 1, *Tynes v. Shore*, 117 W. Va. 355, 185 S.E. 845 (1936) ("Courts will not ordinarily decide a moot question."). Here, the substantive alteration of the Rule's language extinguishes the parties' controversy.

Nevertheless, as recognized by *Storch*, in certain circumstances, technically moot questions may still be cognizable by the Court. We explained this principle in Syllabus point 1 of *Israel by Israel v. West Virginia Secondary Schools Activities Commission*, 182 W. Va. 454, 388 S.E.2d 480 (1989):

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Applying *Israel's* guidance for deciding moot issues, we can conceive of no circumstances under which our consideration of this case on the merits would be anything other than an academic exercise in futility. No "sufficient collateral consequences" have manifested themselves in this case because M.D. has graduated from high school such that she is no longer a West Virginia high school student athlete bound by the rules of the WVSSAC.

9

*See* Syl. pt. 1, in part, *id.* (factor 1). Moreover, for the last two years of M.D.'s high school career, the restrictions in the 2020 version of the Non-school Participation Rule would not have precluded her from playing club soccer—even without the circuit court's injunctive relief—because her club team changed their conference affiliation, and, after the Fall 2021 high school soccer season, M.D.'s club team no longer competed at the same time as her high school team.

More importantly, our resolution of this case would not provide "future guidance" or capture an issue that is capable of repetition but continuously evades review. *See* Syl. pt. 1, in part, *Israel*, 182 W. Va. 454, 388 S.E.2d 480 (factors 2 and 3). The central, merits-based issue before us is incapable of repetition because the amended Non-school Participation Rule no longer treats school-based team sports athletes and school-based individual sports athletes differently. Now, the same Non-school Participation Rule restrictions apply to all student athletes equally. Because we cannot find justification under *Israel* to consider the merits of this case, we invoke our authority to dismiss this matter as moot. *See* W. Va. R. App. P. 27(b) (recognizing that "the Supreme Court may dismiss an action that is moot on its own motion without prior notice to the parties").[10]

---

[10] Because we dismiss this appeal as moot, we render no decision on the merits of this case.

## IV.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed as Moot.